**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Keiner E.M.R.,

Petitioner,

v.

Todd Easterwood, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**Civil File No. 26-03299 (MJD/EMB)**

---

Solomon David Steen, Contreras Edin Law, LLC, Counsel for Petitioner.
Carl Berry, Assistant United States Attorney, Counsel for Respondents.

---

This matter is before the Court on Petitioner Keiner E.M.R.'s petition for writ of habeas corpus. (Doc. 1 ("Pet.").) Petitioner claims that his detention violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment; his Fourth Amendment right against unreasonable seizure; 8 U.S.C. §§ 1226(a) and 1357(a)(2); 8 C.F.R. §§ 236.1, 1236.1, and 1003.19; the APA; the Accardi Doctrine; and the Immigration and Naturalization Act. (Id. ¶¶ 63-138.)

Respondents, sometimes referred to as ICE, counter that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) pending removal proceedings.

## I. FACTS[1]

Petitioner is a citizen of Venezuela who fled his country out of fear for political persecution. (Pet. ¶ 1.) He entered the United States on April 9, 2024 for an appointment with border patrol officers after scheduling the appointment via the CBP One app. (Id. ¶ 21.) Petitioner was issued a Notice to Appear ("NTA") in immigration court in Miami in approximately two months and was then paroled into the United States for two years. (Id.; Docs. 6-1 (NTA), 6-2 (Form I-94 (documenting parole dates)).) Since that date, Petitioner has lived a peaceful and law-abiding life in the United States. (Pet. ¶¶ 1-2, 22.) He timely applied for asylum on March 11, 2025 and was granted a work permit, which does not expire until 2030. (Id. ¶¶ 22-23; Doc. 6-6 (asylum appl.).)

On June 26, 2026, ICE agents were conducting surveillance of Petitioner's residence in Grand Forks, ND and followed Petitioner's vehicle after he drove away from the residence. (Pet. ¶¶ 2, 24; Doc. 6 (Decl. of ICE Supervisory Det. & Deport. Officer Steve Draves) ¶ 6).) ICE agents pulled the vehicle over and

[1] Facts from the Petition not disputed are deemed admitted. See Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026).

detained Petitioner. (Id.) Petitioner was originally detained in Grand Forks and filed a habeas corpus petition in the District of North Dakota. See 26-cv-216-PDW-ARS (D.N.D. July 2, 2026). On or about July 13, 2026, Petitioner was transferred from Grand Forks to the Freeborn County Adult Detention Center in Albert Lea, MN. (Pet. ¶ 4.) On July 14, he filed a notice of voluntary dismissal in his North Dakota case, which was granted the same day.

On July 14, 2026, Petitioner filed the instant motion for habeas corpus in this District. On July 16, the Court issued an Order to Show Cause. (Doc. 4.) Respondents responded (Docs. 5, 6, 6-1 to 6-6) and Petitioner replied (Doc. 7).

## II. DISCUSSION

### A. Habeas Corpus Jurisdiction

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). District courts have jurisdiction to hear habeas challenges to immigration-related detention. Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal period detention.").

> It is well established that certain constitutional protections available to persons inside the United States are unavailable to [noncitizens]

> outside of our geographic borders. But once a [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all "persons" within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.

Id. at 693 (citations omitted). This "distinction between [a noncitizen] who has effected an entry into the United States and one who has never entered runs throughout immigration law." Id. Petitioner bears the burden to prove detention contrary to law by a preponderance of the evidence. See Belsai D.S. v. Bondi, 810 F. Supp. 3d 1016, 1020 (D. Minn. 2025) (citations omitted).

### B. Petitioner's Arrest

Respondents insist that Petitioner's detention is mandatory under § 1225(b)(2) because he is "an applicant for admission" under that statute. (Doc. 5 at 2-5.) Although Respondents are correct that Petitioner fails to acknowledge that his parole expired more than two months prior to the beginning of his detention, Respondents' current invocation of § 1225(b)(2) is misplaced. ICE did not arrest Petitioner under that statute. ICE cited the discretionary detention provisions of 8 U.S.C. § 1226 in its Form I-200 administrative warrant. (Doc. 6-3 (directing the warrant to "[a]ny immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and

Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations”).)

While Petitioner states he was never given a warrant, Respondents' exhibits show that Petitioner was served the I-200 administrative warrant on June 26, 2026, at Grand Forks, N.D. (Id.; see also Doc. 5 at 12-13 (asserting no procedural defects in the warrant, whether the Court considers the arrest under § 1225 or § 1226).) Therefore, the Court will assume without deciding that the I-200 was properly served on Defendant. As discussed above, Petitioner was served an NTA two years earlier, which means the I-200 had a sufficient legal predicate. See 8 C.F.R. § 236.1(b) (stating that the I-200 must be issued "[a]t the time of issuance of the [NTA], or at any time thereafter and up to the time removal proceedings are completed”).

**C. Petitioner is Entitled to a Bond Hearing**

Because Respondents represented to Petitioner in the 1-200 warrant that his arrest was based on § 1226(a), the Court holds Respondents to that representation and considers the arrest under the discretionary detention framework of § 1226. Martha C.G.P. v. Blanche, 26-cv-2308 (DWF/JFD), 2026 WL1329577, at *2 (D. Minn. May 13, 2026) (citing Francisco M.A. v. Blanche, No.

26-cv-2032 (JRT/EMB), 2026 WL 1229701, at *1 (D. Minn May 5, 2026)); But see Picazo Jimenez. v. Blanche, 26-cv-2740-ECT-JFD, Doc. 12 (slip op.) at 3 (D. Minn. June 29, 2026) (holding that language of Form 1-200 "identifies which officers are authorized to conduct the arrest," but not that arrest will occur pursuant to § 1226 or that the petitioner was arrested under § 1226).

Individuals who are detained under 8 USC § 1226(a) are entitled to a bond hearing. Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). "Depriving [Petitioner] of his right to a bond hearing—a protection to which federal regulations plainly entitle him—strikes at the heart of his due process right to be free of arbitrary detention." Souleimane C. v. Blanche, No. 26-cv-2215 (LMP/JFD), 2026 WL 1180075, at *4 (D. Minn. Apr. 30, 2026) (citing Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.") (brackets in original)).

Resolution of this fundamental issue renders discussion of Petitioner's other arguments unnecessary. See Faysal N. v. Noem, 825 F. Supp. 3d 844, 849

n.3 (D. Minn. Jan. 6, 2026) (stating that when the court's decision on one of the petitioner's asserted theories for relief meant that the petitioner's detention was unlawful, the court need not reach the petitioner's alternative arguments).

## III. ORDER

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court **GRANTS Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] in part** as follows:

1. Respondents are ordered to provide Petitioner with a bond hearing within one week after the issuance of this Order;

2. Respondents are ordered to file notice of such bond hearing directly with the Court within two (2) hours of its scheduling[2];

3. The Immigration Judge is prohibited from denying the opportunity for a bond hearing based on a purported lack of jurisdiction;

4. If a bond hearing takes place that results in Petitioner's release, Respondents are ordered to:

    a. Release Petitioner into Minnesota;

    b. At a safe time and place communicated at least two (2) hours in advance to Petitioner's counsel; and

---

[2] The purpose of this is to provide timely notice to Petitioner's counsel so that counsel can prepare for the bond hearing and/or find an immigration law attorney to represent Petitioner at the hearing.

c. With all of Petitioner's personal effects in Respondents' possession, such as Petitioner's driver's license, immigration papers, passport, cell phone, keys;

5. If a bond hearing does not take place within one week, Respondents are ordered to immediately release Petitioner from custody into Minnesota with the same conditions of release described in ¶ 4;

6. Within 48 hours of the conclusion of the bond hearing or Respondents' decision to release Petitioner from custody, Respondents must file a status report with the Court detailing the results of the Bond Hearing or its actions related to release; and

7. Any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within 21 days of entry of judgment in this matter, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 8, 2026

s/ Michael J. Davis
Michael J. Davis
United States District Court